IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

MILLISA CALLAWAY,              )
                               )
    Plaintiff,                 )
                               )     Civil Action No.:
v.                             )     1:cv-15-137
                               )
JEFFERSON CAPITAL SYSTEMS, LLC )
    Defendant.                 )

## COMPLAINT

COMES NOW the Plaintiff, by and through her attorney, and avers against the Defendants the following:

## INTRODUCTION

1. This is a Fair Debt Collection Practices Act case that arises from Defendant's attempts to collect a debt which was unenforceable due to the statute of limitations.

## PARTIES

2. Plaintiff is a resident citizen of Baldwin County, Alabama and is over nineteen years of age.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a.

4. Defendant is a foreign corporate entity engaged in the business of collecting debts in this state, with its principal places of business located at 16 McLeland Road, St. Cloud, MN 56303.

5. The principal purpose of Defendants is the collection of debts using the mails and telephone, and Defendants regularly attempt to collect debts alleged to be due another.

6. Defendant is a "debt collector" according to 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 15 U.S.C. §1692k(d) to hear Plaintiff's FDCPA claims in this matter, and supplemental jurisdiction to hear the Plaintiff's state law claims in this matter, as all claims involve the same facts.

8. This Court has personal jurisdiction over the Defendants because the Defendants have engaged in direct communications attempting to collect debts from Alabama resident citizens dwelling within this state.

9. Venue is proper as substantially all of the events or omissions giving rise to the Plaintiff's claims occurred within this district.

## FACTUAL ALLEGATIONS

10. At all times relevant to this proceeding, the Defendant was acting in an attempt to collect from the Plaintiff a debt allegedly owed to Santander Consumer USA (hereinafter "Santander").

11. The alleged debt was founded upon a vehicle purchased for personal use by the Plaintiff.

12. On or about December 11, 2014, the Defendant, alleging itself to be an assignee of Santander, filed a lawsuit in the District Court of Baldwin County, alleging that the Plaintiff owed it $6,226.53 for an alleged deficiency balance owed after the vehicle securing the loan was repossessed.  See Exhibit A.

13. The contract at issue was a retail installment sales agreement for the purchase of a motor vehicle for the Plaintiff's personal use.

14. The contract was unequivocally a contract for the sale of goods, and as such was governed by Alabama's version of UCC Article Two, codified at Ala. Code §7-2-101, *et. seq.*

15. Ala. Code §7-2-725 specifically and clearly provides that "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."  *Ala. Code §7-2-725(1).*

16. "A cause of action accrues when the breach occurs..." *Ala. Code §7-2-725(2).*

17. In other words, Alabama law provides a four-year statute of limitations for a breach of contract involving the sale of a vehicle.  *Brown v. General Motors* (14 So. 3d 104 (Ala. 2009).

18. Plaintiff breached the contract no later than July 1, 2009, around which time the

vehicle was repossessed.

19. The statute of limitations for any suit based upon such breach, therefore, expired no later than July 1, 2013.

20. The Plaintiff raised this issue before the District Court of Baldwin County in her answer.

21. The Defendant sued the Plaintiff for her breach of this sales contract after the statute of limitations had expired.

22. The Defendant is a sophisticated corporation which has brought thousands of collection lawsuits against consumers like the Plaintiff throughout the country.

23. The Defendant was fully aware that UCC Article Two provides a 4-year statute of limitations for contracts for the sale of goods.

24. The Defendant was fully aware that Ala. Code §7-2-725 provides a 4 year statute of limitations for contracts for the sale of goods.

25. The Defendant chose to sue the Plaintiff for the debt regardless of knowing that the statute of limitations had already passed.

26. As a direct result of the Defendant's conduct, the Plaintiff has suffered substantial damages, including but not limited to:

    (a) Time taken from work and family to defend herself from the lawsuit;

    (b) Legal fees and other out-of-pocket costs associated with the defense of the lawsuit;

    (c) Fear, headaches, loss of sleep, lost creditworthiness, humiliation, embarrassment, and emotional distress and frustration.

## VICARIOUS LIABILITY

27. Defendant negligently or willfully hired, retained, and supervised deceptive and/or incompetent agents and employees and are thereby responsible for the wrongs committed against Plaintiffs and the damage suffered thereby.

## FIRST CLAIM FOR RELIEF: 15 U.S.C. §1692f

28. Plaintiff realleges and incorporates by reference paragraphs 1 through 27 above.

29. 15 U.S.C. §1692f prohibits a debt collector from using any "unfair or

unconscionable means to collect or attempt to collect a debt."

30. Suing on a time-barred debt is an "unfair and unconscionable practice offensive to §1692f. *Kimber v. Federal Financial Corp.* 668 F. Supp 1480 (M.D. Ala. 1987).

31. The Plaintiff has been substantially damaged by the Defendant's conduct, and asks an award of actual damages, statutory damages of $1,000, costs, and attorney's fees.

### SECOND CLAIM FOR RELIEF: 15 U.S.C. §1692e

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 27 above.

33. 15 U.S.C. §1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. More specifically, 15 U.S.C. §1692e(2)(A) prohibits the false representation of "the character, amount, or legal status of any debt."

35. The Defendant's state court complaint falsely stated to the court and to the Plaintiff that a large sum of money was due and owing, when in fact the entire debt was unenforceable.

36. The Defendant's state court complaint falsely stated to the court and to the Plaintiff that the debt to Santander was not barred by the statute of limitations.

37. The Plaintiff has been substantially damaged by the Defendant's conduct, and asks an award of actual damages, statutory damages of $1,000, costs, and attorney's fees.

### THIRD CLAIM FOR RELIEF: MALICIOUS PROSECUTION

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 27 above.

39. Defendant filed its collection lawsuit against the Plaintiff without undertaking any investigation into the validity of its claims.

40. Defendant filed its collection lawsuit against the Plaintiff without undertaking any investigation into the age of the account.

41. Had Defendant undertaken any sort of investigation into the relevant facts, it would have known that it lacked probable cause to sue the Plaintiff.

42. Defendant filed its collection lawsuit maliciously, and with the intent not to

obtain a judgment at trial, but rather to use the gravity and embarrassment of a court proceeding to coerce Plaintiff into paying money on an unenforceable debt.

43. It is a pattern and practice of the Defendant to file lawsuits against unsuspecting citizens seeking collection of unenforceable debts.

44. Defendant knew that the Plaintiff's debt to Santander was unenforceable, yet filed its lawsuit anyway.

45. Alternatively to Paragraph 42, Plaintiff avers that Defendant filed its collection lawsuit with reckless ignorance of the age of the debt.

46. As a direct result of Defendant's conduct in filing the collection lawsuit, the Plaintiff has suffered damage as described above.

47. The harm that Plaintiff suffered as a result was entirely foreseeable, and was exactly the sort of harm that one would foresee to be the result of filing a baseless lawsuit.

48. For its malicious prosecution of the Plaintiff, the Defendant is liable to the Plaintiff for actual damages and punitive damages.

WHEREFORE, PREMISES CONISDERED, Your Plaintiff respectfully prays this Honorable Court Issue an Order against the Defendant for the following:

1. Actual damages arising from the Defendant's violations of the Fair Debt Collection Practices Act;
2. Statutory damages of One Thousand Dollars ($1000) for each of Defendant's violations of the Fair Debt Collection Practices Act;
3. Actual and punitive damages for Defendants' malicious prosecution of the Plaintiff;
4. Costs and reasonable attorneys fees incurred in bringing this action;
5. **A trial before a struck jury;**
6. For such other, further, and general relief as Your Honor deems just and proper;

RESPECTFULLY SUBMITTED this the 11th Day of March, 2015.

/s/ Judson E. Crump
Judson E. Crump
Attorney for Plaintiff

Judson E. Crump, PC
250 Congress Street
Mobile, AL 36603
251.272.9148
judson@judsonecrump.com